UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

ISOBEL CHRISTIANE BROWN,

        Plaintiff,

vs.

WESTERN MICHIGAN UNIVERSITY,
a state agency and institution,

        Defendant.
_____/

Case No.
Hon.

Jennnifer L. Lord (P46912)
Brian J. Farrar (P79404)
Attorneys for Plaintiff
STERLING EMPLOYMENT LAW
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
jlord@sterlingattorneys.com
bfarrar@sterlingttorneys.com
_____/

**COMPLAINT AND JURY DEMAND**

    Plaintiff, Isobel Christiane Brown, by her attorneys Sterling Employment Law, for her Complaint against Defendant, states as follows:

**JURISDICTIONAL ALLEGATIONS**

    1.    Plaintiff, Isobel Brown ("Brown") is an individual residing in Kalamazoo, Michigan.

2. Defendant Western Michigan University ("WMU") is a public four-year university located in Kalamazoo, Michigan and has an enrollment of approximately 17,000 undergraduate and graduate students.

3. Brown brings this action pursuant to the Family and Medical Leave Act, 29 USC 2611 *et seq*. and the Michigan Elliott Larsen Civil Rights Act, MCL 15.361 *et seq*.

4. WMU is an employer, and Brown is an employee, as defined by the Family and Medical Leave Act and the Michigan Elliott Larsen Civil Rights Act.

5. This Court has federal question jurisdiction of Brown's federal claims under 28 USC 1331 because this action arises under the laws of the United States.

6. This Court has supplemental jurisdiction over Brown's state law claims under 28 USC 1367(a).

7. Venue is proper under 28 USC 1391(a)(2) and (b)(2) because the unlawful employment actions giving rise to the claims occurred, and are still occurring, in this district.

**GENERAL ALLEGATIONS**

8. Brown began working at Western Michigan University on January 9, 2023 as an Administrative Assistant II for the Department of Military Science and Leadership (Army ROTC).

9. Brown is a Navy veteran and was honorably discharged.

10. Brown was a dedicated and loyal employee who competently performed her job duties.

11. In August 2023, Brown began experiencing escalating sex-based discrimination behavior from her supervisor, Lieutenant Colonel Caitlin Hinterman.

12. While male colleagues received positive treatment and professional autonomy, Brown was subjected to hostility and hyper-criticism.

13. This pattern intensified in February 2024, when Brown's supervisor began excessively micromanaging her work.

14. On April 30, Brown received a written reprimand containing numerous false accusations.

15. Brown's male co-workers who engaged in the same behavior were not reprimanded and continued working without consequence.

16. On May 14, 2024, Brown filed a formal grievance with WMU, alleging sex-based discrimination.

17. Shortly after filing the grievance, Brown received a performance evaluation rating of "Needs Improvement," which included false and misleading statements about her performance.

18. Brown addressed these issues in further communication with HR, but instead of investigating her concerns, she was placed on a Performance

Improvement Plan and continued to face retaliatory treatment (such as another written reprimand without basis as well as her supervisor trying to intimidate her into deleting evidence that was mentioned in the grievance) until her termination.

19. On September 16, 2024, Brown went on Family and Medical Leave Act ("FMLA") leave due to a serious health condition.

20. In early December 2024, and continuing until mid-January 2025, Plaintiff made several other complaints to WMU's HR department that she was being discriminated against due to her sex.

21. On December 8, 2024, Brown returned from medical leave.

22. On January 24, 2025, WMU terminated Brown's employment.

23. After her termination, Brown applied for two different positions at WMU.

24. WMU made offers of employment to her on February 25, 2025 and March 20, 2025.

25. WMU rescinded those offers of employment on April 17, 2025.

26. Brown was discriminated against, and retaliated against, because she took a FMLA leave and due to her sex, in violation of the Family and Medical Leave Act and the Elliott Larsen Civil Rights Act[1].

27. Brown has experienced and will continue to experience damages, including past and future compensation, the value of lost benefits, emotional distress, humiliation, and loss of reputation, and damage to her credit.

## COUNT I

### TERMINATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

28. Brown incorporates the preceding paragraphs by reference.

29. Brown qualified for the protections of the FMLA as an employee who had worked for WMU for more than one year and for more than 1250 hours in the year prior to her leave.

30. WMU regularly employees at least 50 employees at or within 75 miles of Brown's work site.

31. Brown took FMLA leave due to her serious health condition.

32. Brown's serious health condition made her temporarily unable to perform the functions of her job.

---

[1] Brown will seek leave to amend her complaint to add a Count alleging violation of Title VII of the Civil Rights Act of 1964 after the Equal Employment Opportunity Commission issues its Right to Sue.

33. WMU willfully violated the FMLA by:

    A. Interfering with Brown's attempt to take FMLA leave;

    B. Retaliating against Brown for exercising her rights under the FMLA;

    C. Terminating Brown.

34. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer the following:

    A. Lost past and future compensation, including the value of fringe benefits;

    B. Lost earning potential;

    C. Damage to her credit;

    D. Humiliation, embarrassment, betrayal, and emotional distress; and

    E. Other incidental, exemplary, and consequential damages, including attorney fees.

## COUNT II

### SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF THE ELLIOT LARSEN CIVIL RIGHTS ACT

35. Plaintiff incorporates the preceding paragraphs by reference.

36. Brown was qualified for her position.

37. WMU discriminated against Brown with respect to her terms, conditions, and privileges of employment due to her sex.

38. WMU treated male employees more favorably than Brown.

39. Brown reported the sex discrimination to Defendant.

40. WMU unjustly disciplined Brown because of her sex and in retaliation for her complaint.

41. WMU terminated Brown because of her sex and in retaliation for her protected conduct.

42. Defendant's alleged reason for terminating Brown was a pretext for sex discrimination.

43. WMU willfully violated Brown's rights under the Elliott Larsen Civil Rights Act.

44. As a direct and proximate result of WMU's conduct, Brown has suffered, and will continue to suffer the following:

    A. Lost past and future compensation, including the value of fringe benefits;

    B. Lost earning potential;

    C. Damage to Brown's credit;

    D. Humiliation, embarrassment, betrayal, and emotional distress; and

    E. Other incidental, exemplary, and consequential damages, including attorney fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant, in whatever amount Plaintiff is found to be

entitled, together with punitive damages, equitable relief, interest as an element of damages, statutory interest, and attorney fees and costs.

## JURY DEMAND

Plaintiff Isobel Christiane Brown, by her attorneys Sterling Employment Law, demands a trial by jury.

        Respectfully submitted,

        STERLING EMPLOYMENT LAW

        By:  /s/Jennifer L. Lord
            Jennifer L. Lord (P46912)
            Brian J. Farrar (P79404)
            Attorneys for Plaintiff
            33 Bloomfield Hills Pkwy., Ste. 250
            Bloomfield Hills, MI 48304
            (248) 644-1500

Dated:  February 6, 2026